UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

United States of America,

      Respondent,

v.                                     **MEMORANDUM OF LAW AND ORDER**
                                           Criminal File No. 04-196 (01) (MJD)

Timothy Charles Duffy,

      Petitioner.

_____

Nathan P. Petterson, Assistant U.S. Attorney, Counsel for Respondent.

Timothy Charles Duffy, *pro se*.

_____

## I.    Introduction

This matter is before the Court on Petitioner's motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, to appoint counsel and for production of documents. [Doc. Nos. 43, 50 and 51].

## II.    Background

The Petitioner was charged in Counts 1 through 3 of the Indictment with Possession with Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), Carrying a Firearm During and in Relation to a Drug

1

Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(a)(i) and Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924 (e)(1). On March 1, 2005, the Petitioner entered a plea of guilty to Count 3, Felon in Possession of a Firearm. In the Plea Agreement, the parties agreed that the Petitioner qualified as an Armed Career Criminal and that he was subject to a fifteen year mandatory minimum term of imprisonment. (Plea Agreement ¶3(a) and 6(a).) The parties also agreed that the Petitioner had the following prior convictions: Robbery, Unlawful Restraint, Residential Burglary, Theft, Domestic Assault and Theft of a Motor Vehicle. (Id. at 1-2.)

The United States Probation Office prepared a Presentence Investigation Report ("PSR") advising that as the Petitioner was convicted of a violation under 18 U.S.C. § 922(g) and because he had at least four prior convictions for a violent felony or serious drug offense, he qualified for an enhanced sentence pursuant to U.S.S.G. §4B1.4, Armed Career Criminal. (PSR ¶21.) Specifically, the PSR lists the following previous convictions: Robbery and Aggravated Battery, Residential Burglary, felony Domestic Assault and Theft of a Motor Vehicle. (Id.)

At sentencing, the Court found the applicable guideline range was 188 to 235 months based on a total offense level 31 and a criminal history category VI.

The Petitioner was sentenced to a prison term of 180 months, which was a slight departure from the applicable guideline range.

At sentencing, the Petitioner did not object to the finding that he qualified as an Armed Career Offender. The Petitioner did not appeal his sentence and his conviction became final when judgment was entered on April 15, 2005.

On July 1, 2015, the Petitioner filed this § 2255 motion to vacate, set aside or correct his sentence.

### III. Habeas Petition

#### A. Standard for Relief under 28 U.S.C. § 2255

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In response to such a motion, the court shall give a prompt hearing therein to identify the issues, make findings of fact and determinations of law, "unless the

motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.A. § 2255(b). "[A] petition can be dismissed without a hearing if…the petitioner's allegations, accepted as true, would not entitle the petitioner to relief." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (internal citations omitted).

B.     Petitioner's Stated Grounds for Relief

The Petitioner claims he is entitled to relief because he no longer qualifies as an Armed Career Criminal based on the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).  In Johnson, the Court found the residual clause contained within the statutory definition of violent felony set forth in §924 (e)(2)(B)  was unconstitutionally vague.  Id. 135 S.Ct. at 2563.  The Petitioner argues that the sentencing court determined that his prior convictions for robbery, unlawful restraint, residential burglary and domestic assault fall under the residual clause of the Armed Career Criminal Act.  He further argues that as that clause was found unconstitutional in Johnson, he no longer qualifies as an Armed Career Criminal and is therefore entitled to relief.

4

### 1. Timeliness of Motion

There is a one year limitation period for filing a motion under Section 2255. 28 U.S.C. § 2255(f). This period begins to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. Id.

On July 1, 2015, the Petitioner filed the instant petition claiming a right to relief based on the Johnson decision, which was issued on June 26, 2015. Further, the Supreme Court has determined that Johnson announced a substantive rule that applied retroactively on collateral review. Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257 (Apr. 18, 2016). Based on the above, the instant petition was timely filed.

**2. Merits Determination**

The Armed Career Criminal Act ("ACCA") provides that one convicted under 18 U.S.C. §922(g), and who has three previous convictions for a violent felony and/or serious drug offense, is subject to a mandatory minimum term of imprisonment of fifteen years.  18 U.S.C. § 924(e)(1).  A "serious drug offense" is one under the Controlled Substances Act, 21 U.S.C. § 801 et seq. and a violent felony is defined as a crime punishable by imprisonment for a term exceeding one year and that "has as an element the use, attempted use, or threatened use of physical force against the person of another" or is "burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."  18 U.S.C. § 924(e)(2)(B)(i) and (ii).  The residual clause, the italicized language above, was the language held unconstitutionally vague by the Supreme Court.

In opposition to this petition, the government asserts that the Petitioner has at least three prior convictions that fall within the definition of "violent felony" as defined under the ACCA.  The convictions for robbery, aggravated assault and domestic assault all have as an element "the use, attempted use, or

6

threatened use of physical force against the person of another." The Court

agrees.

The Court has reviewed the record and finds that the certified statements

of conviction[1] obtained by the U.S. Probation Office set forth that on March 30,

1990, the Petitioner was convicted of two counts of Robbery, in violation of Ill.

Rev. Stat. ch. 38-18-1(a)(1990) and one count of Aggravated Battery in violation of

Ill. Rev. Stat. ch. 38-12-4(b)(10)(1990).  Under Illinois law, a person commits

robbery when "he or she knowingly takes property . . . from the person or

presence of another by the use of force or by threatening the imminent use of

force."  Ill. Rev. Stat. ch. 38-18-1(a)(1990).  Illinois law further provides that one

is guilty of aggravated battery if he or she "knowingly and without legal

justification and by any means causes bodily harm to an individual of 60 years of

age or older."  Ill. Rev. Stat. ch. 38-12-4(b)(10)(1990).

The Court has also reviewed the certified statement of conviction that

provides on February 29, 2000 the Petitioner was convicted of domestic assault in

violation of Minn. Stat. § 609.2242 subd. 4.  Minnesota law defines the crime of

domestic assault as one who "commits an act with intent to cause fear in another

---

[1] The certified statements of convicions are attached as Exhibit 1.

of immediate bodily harm or death or intentionally inflicts or attempts to inflict bodily harm upon another." Minn. Stat. § 609.2242 subd. 1. The crime is deemed a felony whenever a violation occurs "within ten years of the first of any combination of two or more previous qualified domestic violence-related offense convictions or adjudications of delinquency." Minn. Stat. §609.2242, subd. 4. The Court finds that this prior conviction also falls within the definition of violent felony because it has as an element the use of or threatened use of bodily harm.

The Court further notes that the Petitioner was convicted of one of the enumerated offenses listed in the definition of "violent felony"– burglary. The certified statement of conviction shows that on December 2, 1992, the Petitioner pleaded guilty to Residential Burglary in violation of Illinois law. Under Illinois law, "[a] person commits residential burglary when he or she knowingly and without authority enters or knowingly and without authority remains within the dwelling place of another, or any part thereof, with the intent to commit therein a felony or theft." Ill. Rev. Stat. ch. 38-19-3. The Seventh Circuit has found that "[r]esidential burglary is unquestionably a violent felony under §924(e)." United States v. Barrett, 80 Fed. Appx. 486, 487 (7th Cir. Oct. 31, 2003). See also Dawkins

8

v. United States, 809 F.3d 953, 955 (7th Cir. 2016) (finding that residential burglary under Illinois law is a violent felony as defined under the ACCA).

Because these prior convictions fall within the definition of violent felony without regard to the residual clause, the Petitioner's claims fail on the merits.

II.     **Certificate of Appealability**

With regard to the Court's procedural rulings, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  With regard to the Court's decision on the merits, it concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.  Therefore, the Court denies a Certificate of Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. The Petition under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence [Doc. No. 43] is **DENIED** and the case **DISMISSED WITH PREJUDICE**;

2. The Petitioner's Motion for Appointment of Counsel [Doc. No. 50] is

   **DENIED as moot;**

3. The Petitioner's Motion for Production of Documents [Doc. No. 51] is

   **DENIED as moot;**

4. The Petitioner's Motion to Supplement the Record is **DENIED as moot;**

   and

5. The Court denies a Certificate of Appealabiltiy in this case.

   **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:   August 8, 2016

s/ Michael J. Davis
Michael J. Davis
United States District Court
